# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

PALMER KEARNEY MESA PROPERTIES, LP, a California limited partnership; GH PALMER, INC., a California corporation,

Plaintiffs,

v.

CITY OF SAN DIEGO, a California municipal corporation; MAYOR AND CITY COUNCIL OF THE CITY OF SAN DIEGO,

Defendants.

Case No.:  23-cv-1755-DMS-DTF

**ORDER GRANTING PLAINTIFFS' MOTION FOR RELIEF FROM ORDER OF STAY AND DENYING PLAINTIFFS' MOTION FOR INJUNCTIVE RELIEF**

Pending before the Court is Plaintiffs' Motion for Relief from Order of Stay, for Reconsideration,[1] and for Injunctive Relief.  (Plaintiffs' Motion ("Pls.' Mot."), ECF No. 30).  Defendant City of San Diego filed an Opposition, (The City's Opposition ("Opp'n"), ECF No. 37), and Plaintiffs filed a Reply, (Plaintiffs' Reply ("Reply"), ECF No. 38).  For the following reasons, the Court **LIFTS** the stay and **DENIES** injunctive relief.

---

[1] Plaintiffs' Motion seeks reconsideration of the Court's Order granting the City's Motion to Dismiss the original Complaint.  (Pls.' Mot. 18–24).  The Court held an informal conference with the parties on May 7, 2025 to discuss the procedural posture of this request.  The parties agreed that Plaintiffs' filing of their First Amended Complaint ("FAC") mooted the original Complaint and that reconsideration of the Court's prior Order was unnecessary.  As a result, the Court narrowed the issues to be addressed in this Order to the stay and injunctive relief.

1

# I.    INTRODUCTION

The background of this case is summarized in a prior Order and need not be repeated. (*See* ECF No. 20 at 1–5).  On August 22, 2024, the Court granted the City's Motion to Dismiss.  (*Id.* at 28).  The Court gave Plaintiffs leave to amend all counts dismissed without prejudice.  (*Id.*).  Plaintiffs filed their FAC on September 12, 2024.  (FAC, ECF No. 21).  The FAC alleges five claims for relief:

1.  42 U.S.C. § 1983 for an uncompensated taking in violation of the Fifth and Fourteenth Amendments to the U.S. Constitution.  Plaintiffs raise facial and as-applied challenges under two theories: (a) a per se physical taking and (b) unconstitutional conditions.  (FAC 26–37).

2.  42 U.S.C. § 1983 for violation of the due process and equal protection clauses of the Fourteenth Amendment to the U.S. Constitution.  Because the Court's prior Order dismissed Plaintiffs' facial challenge, Plaintiffs reallege only an as-applied challenge.[2]  (*Id.* at 37–40).

3.  Uncompensated taking in violation of Article I, § 19 of the California Constitution.  (*Id.* at 40–41).

4.  Deprivation of rights to due process and equal protection in violation of Article I, § 7 of the California Constitution.  Because the Court's prior Order dismissed Plaintiffs' facial challenge, Plaintiffs reallege only an as-applied challenge.[3]  (*Id.* at 42–43).

5.  Violation of the California Mitigation Fee Act.[4]  (*Id.* at 43–49).

The parties then jointly moved to stay the case until the City Council came to a final

---

[2] The FAC includes allegations of a facial challenge only "as a matter of prudence and to avoid implication of waiver or voluntary dismissal."  (FAC 38 n.12).

[3] The FAC includes allegations of a facial challenge only "as a matter of prudence and to avoid implication of waiver or voluntary dismissal."  (FAC 42 n.14) (referencing n.12).

[4] The FAC includes allegations of violations of other state laws—previously dismissed with prejudice by the Court—only "as a matter of prudence and to avoid implication of waiver or voluntary dismissal." (FAC 43 n.15).

decision on the merits of Plaintiffs' application to waive the requirements of the Inclusionary Affordable Housing Regulations ("IAHR").  (ECF No. 26).  The Court granted the Joint Motion.  (ECF No. 27).

On April 10, 2025, Plaintiffs brought the present Motion.   Plaintiffs request: "a lift of the stipulated [s]tay to enable the parties to proceed with this litigation" and "an order for injunctive relief directing the City to 'unbundle' Plaintiffs' waiver application from its other ministerial permits so that the waiver may be independently considered by the City." (Pls.' Mot. 9).

## II.    MOTION TO LIFT STAY

On October 28, 2024, the parties jointly moved to stay the case.  (ECF No. 26).  The Court granted the Joint Motion, effecting a "[s]tay of all further litigation activities".  (ECF No. 27).  The Court, in line with the parties' agreed-upon terms, ordered that "[t]he parties shall jointly move to lift the [s]tay within 7 days of the City Council's final decision on the merits of Plaintiffs' [a]pplication."  (*Id.*).  Plaintiffs are now frustrated with the City's delay in processing Plaintiffs' application and would like to proceed with the litigation.  (Pls.' Mot. 13) ("Implicit in the parties' joint motion to stay proceedings was the understanding (at least on Plaintiffs' part) that the City would act in good faith and in a diligent, efficient and reasonable manner in deciding Plaintiffs' [w]aiver [a]pplication.").  The City opposes. (Opp'n 10–13).

"[T]he power to stay [or un-stay] proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."  *Id.* at 254–55 (internal citations omitted).

These interests include (1) "the possible damage which may result from the granting of a stay," (2) "the hardship a party may suffer if the case is allowed to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of

issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). Because a stay is currently in place, the Court must reassess the parties' interests to determine whether a continuance of the stay is warranted.

The Court finds that continuance of the stay would cause hardship to Plaintiffs. Despite no time frame for a decision on Plaintiffs' waiver application, Plaintiffs must continue finalizing their building permit. (Pls.' Mot. 15). According to Plaintiffs, the work it will take to finalize the permit will cost about $3 million. (*Id.*). This is a substantial sum to invest in a project that might be "economically infeasible" if the waiver application is not approved. (*Id.*). While a district court may stay a case "pending resolution of independent proceedings which bear upon the case," it must "[appear] likely the other proceedings will be concluded within a reasonable time." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979). The stay has been in effect for over six months. (ECF No. 27) (stay implemented on October 29, 2024). It is concerning that the City cannot speak to when a decision will be made, even if Plaintiffs "gambled on filing their lawsuit without first exhausting the City's administrative review process". (Opp'n 12); (*see id.*) ("The review process is ongoing, but it will take the time it takes. No one has ever accused the government of being speedy."); *see also Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) ("[S]tays should not be indefinite in nature.").

Further, the Court implemented the stay because of the parties' shared interests. Their interests have diverged, and the Court accepts Plaintiffs' representation that their expectations that the application would be diligently processed have gone unfulfilled. (Pls.' Mot. 13). The City will not be prejudiced by filing a new response to Plaintiffs' allegations. Accordingly, the stay is **LIFTED**.

### III.    MOTION FOR INJUNCTIVE RELIEF

Plaintiffs allege that they received a letter from the City, dated March 26, 2025, stating that the City would consider all of Plaintiffs' permits with respect to the Palmer

Kearney project at one time. (Pls.' Mot. 24); (*see also id.* at 25) ("Fairly read, the City's March 26 letter suggests that the City intends for Plaintiffs to finalize their building permit plans (at a cost of upwards of $3 million) *before* the City will even consider the [w]aiver [a]pplication—all for a project that may be rendered economically infeasible by way of the IAHR exactions.") (emphasis in original). As a result, Plaintiffs request a preliminary injunction "ordering the City to 'unbundle' Plaintiffs' [w]aiver [a]pplication from the underlying ministerial, by-right permits." (*Id.* at 24). The City argues that Plaintiffs have failed to meet their burden and that the Court lacks authority to issue the injunction. (Opp'n 17–20).

Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). "A party seeking a preliminary injunction must meet one of two variants of the same standard." *All. for the Wild Rockies v. Pena*, 865 F.3d 1211, 1217 (9th Cir. 2017). Under the *Winter* standard, a party is entitled to a preliminary injunction if it demonstrates (1) "that [it] is likely to succeed on the merits," (2) "that [it] is likely to suffer irreparable harm in the absence of preliminary relief," (3) "that the balance of equities tips in [its] favor," and (4) "that an injunction is in the public interest." *Winter*, 555 U.S. at 20. "A plaintiff must make a showing on *all four prongs* to obtain a preliminary injunction." *A Woman's Friend Pregnancy Res. Clinic v. Becerra*, 901 F.3d 1166, 1167 (9th Cir. 2018) (internal quotation marks, brackets, and citation omitted) (emphasis in original).

Under the Ninth Circuit's "'serious questions' test—a 'sliding scale' variant of the *Winter* test— . . . a party is entitled to a preliminary injunction if it demonstrates (1) 'serious questions going to the merits,' (2) 'a likelihood of irreparable injury,' (3) 'a balance of hardships that tips sharply towards the plaintiff,' and (4) 'the injunction is in the public interest.'" *Flathead-Lolo-Bitterroot Citizen Task Force v. Montana*, 98 F.4th 1180, 1190 (9th Cir. 2024) (quoting *All. for the Wild Rockies*, 865 F.3d at 1217). "[I]f a plaintiff can only show that there are serious questions going to the merits—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the

23-cv-1755-DMS-DTF

balance of hardships tips *sharply* in the plaintiff's favor, and the other two *Winter* factors are satisfied." *All. for the Wild Rockies*, 865 F.3d at 1217 (quoting *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013)) (emphasis in original). A plaintiff need only demonstrate success as to at least one of their claims to receive preliminary injunctive relief. *See Ozkay v. Equity Wave Lending, Inc.*, 2020 WL 12764953, at *2 (N.D. Cal. Nov. 25, 2020).

Plaintiffs do not cite the legal standard for a preliminary injunction in the Ninth Circuit in their Motion. (Pls.' Mot. 24–27). Nor do they analyze the relevant factors. (*See id.*). Their only legal citation is to *Walsh v. Ahern Rentals, Inc.*, 2022 WL 118636, at *1 (9th Cir. Jan. 12, 2022) for the proposition that a district court may grant a preliminary injunction on the pleadings alone, without an evidentiary hearing. (*Id.* at 25–26). Although their Reply Brief mentions the *Winter* factors, Plaintiffs' analysis, specifically with respect to their likely success on the merits, is sparse. *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) ("The first factor under *Winter* is the most important—likely success on the merits.") (internal citation omitted); *see also id.* ("Because it is a threshold inquiry, when a plaintiff has failed to show the likelihood of success on the merits, we need not consider the remaining three [*Winter* elements].") (internal quotation marks and citation omitted) (brackets in original). Plaintiffs, therefore, have failed to carry their burden of proving the elements of a preliminary injunction. *United Farm Workers v. United States Dep't of Lab.*, 509 F.Supp.3d 1225, 1234 (E.D. Cal. 2020) (citing 9th Cir. cases).

Further, the City is correct that Plaintiffs cannot seek injunctive relief because there is not "a sufficient nexus between the claims raised in [their] [M]otion for [I]njunctive [R]elief and the claims set forth in the [FAC] itself." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015); *see also id.* ("[T]here must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint."). The FAC asserts that the IAHR violates the U.S. Constitution and California Constitution. (FAC 26–49). The request for injunctive relief, by contrast, relates to the City's application of the San Diego Municipal Code ("SDMC")

to Plaintiffs' request for a waiver of IAHR requirements following the filing of the FAC. SDMC § 112.0103(a) ("When an applicant applies for more than one permit, map, or other approval for a single development, the applications shall be consolidated for processing and shall be reviewed by a single decision maker[.]"); (Pls.' Mot. 25) ("[The bundling] is plainly punitive. It is in direct response to Plaintiffs' attempts to assert their constitutional rights via the present lawsuit and the subsequent [w]aiver [a]pplication."). Ultimately, the injunctive relief requested would not remedy Plaintiffs' constitutional claims. *See Butler v. Manning*, 2023 WL 7312496, at *2 (S.D. Cal. Nov. 6, 2023) ("The TRO Plaintiff seeks here would not remedy his asserted Eighth and Fourteenth Amendment violations; Plaintiff does not plead any claims relating to his access to the courts, law library, or other legal materials. Absent a relationship or nexus to the allegations in the First Amended Complaint, the Court lacks the authority to grant the relief Plaintiff seeks."); *Pac. Radiation*, 810 F.3d at 638 ("PRO cannot seek interim equitable relief of a nature it is not seeking in the final adjudication of its lawsuit."). The relief sought is also based on alleged retaliation, which "courts consider . . . to be entirely different and separate from the underlying complaint." *Matheis v. CDCR*, 2021 WL 718603, at *3 (S.D. Cal. Feb. 24, 2021) (internal quotation marks and citation omitted). Therefore, Plaintiffs' Motion for Injunctive Relief is **DENIED**.

## IV.    CONCLUSION AND ORDER

For the foregoing reasons, the Court **LIFTS** the stay and **DENIES** injunctive relief. To address developments since September 2024, Plaintiffs may file a Second Amended Complaint ("SAC") within twenty-one (21) days of the date of this Order. The City may then respond to the SAC in due course.

**IT IS SO ORDERED.**

Dated: May 23, 2025

_____
Hon. Dana M. Sabraw
United States District Judge