UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PALMER KEARNEY MESA PROPERTIES, LP, a California limited partnership; GH PALMER, INC., a California corporation,<br><br>　　　　　　　　Plaintiffs,<br><br>　v.<br><br>CITY OF SAN DIEGO, a California municipal corporation,<br><br>　　　　　　　　Defendant. | Case No.: 23-cv-1755-DMS-DTF<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** |

Pending before the Court is Plaintiffs' Motion for Preliminary Injunction. (Mot., ECF No. 49). Defendant City of San Diego ("the City") filed an Opposition, (Opp'n, ECF No. 53), and Plaintiffs filed a Reply, (Reply, ECF No. 54). For the following reasons, the Court denies Plaintiffs' Motion for Preliminary Injunction.

## I.　INTRODUCTION

On August 22, 2024, the Court granted the City's Motion to Dismiss.[1] (*See* ECF No. 20 at 28). Thereafter, the parties jointly moved to stay the case while the City Council considered Plaintiffs' Inclusionary Housing Ordinance ("IHO") and Inclusionary

---

[1] The background of this case is summarized in the Order granting the Motion to Dismiss and need not be repeated. (*See* ECF No. 20 at 1–5).

1  Affordable Housing Regulations ("IAHR") waiver application ("IAHR Waiver
2  Application") for their development project (the "Project"). (ECF No. 26). Plaintiffs
3  submitted the IAHR Waiver Application because the regulations' exaction scheme could
4  cost Plaintiffs "more than $30 million." (Mot. at 7). The Court granted the Joint Motion
5  to Stay. (ECF No. 27). The stay remained in place until May 23, 2025. (ECF No. 41).
6  Plaintiffs then filed their Second Amended Complaint on June 13, 2025, asserting four
7  causes of action: (1) 42 U.S.C. § 1983 for an uncompensated taking in violation of the Fifth
8  and Fourteenth Amendments to the U.S. Constitution; (2) an uncompensated taking in
9  violation of Article I, § 19 of the California Constitution; (3) violation of the California
10 Mitigation Fee Act; and (4) wrongful and arbitrary imposition of demands for discretionary
11 approvals and threats to expire Plaintiffs' Building Permit Application. (Second Am.
12 Compl. ("SAC"), ECF No. 42, at 38–57). Plaintiffs argue that the IHO and IAHR exaction
13 scheme constitutes a taking. (*Id.* at 38–50).

14       Plaintiffs' request for a preliminary injunction arises from three actions by the City.
15 First, on March 17, 2025, with Plaintiffs' IAHR Waiver Application still pending, the City
16 contacted Plaintiffs to provide design, engineering, and other technical updates needed to
17 progress the Project's Building Permit Application, set to expire on August 25, 2025.
18 (Mot., Palmer Decl. ¶ 29, Ex. O). According to Plaintiffs, the submissions will cost over
19 $3 million. (*Id.* at Palmer Decl. ¶ 29).

20       Second, Plaintiffs allege that on March 26, 2025, the City notified Plaintiffs that it
21 would consolidate all applications, permits, and approvals, discretionary and ministerial,
22 related to the Project for review and approval. (*Id.* at Palmer Decl. ¶ 30, Ex. P). Plaintiffs
23 take issue with this reported process because their Building Permit Application "had
24 already been deemed complete and commenced the plan check process, and is otherwise a
25 'ministerial' or 'by-right' approval and not subject to discretionary review." (*Id.* at 22).
26 The City argues it only consolidated two discretionary applications—neither of which is
27 the Building Permit Application—as required by San Diego Municipal Code ("SDMC") §
28 112.0103. (Opp'n at 12).

Finally, on March 27, 2025, Plaintiffs asked the City to pause all deadlines required for the Project's Building Permit Application until the City decided on Plaintiffs' IAHR Waiver Application. (Mot., Palmer Decl. ¶ 31, Ex. Q). Plaintiffs initially did not receive a response, but the City informed Plaintiffs on June 30, 2025, that the Building Permit Application will expire on August 28, 2025, per SDMC § 129.0211. (*Id.* at Palmer Decl. ¶ 33, Ex. R). To this day, the City has not decided whether to approve Plaintiffs' IAHR Waiver Application. (*Id.* at 10).

Plaintiffs now move for a preliminary injunction: (1) "temporarily prohibiting the City from demanding that Plaintiffs continue to submit additional engineering work and information"; (2) "prohibiting the City from bundling the Building Permit Application with the IAHR Waiver Application"; and (3) "prohibiting the City from expiring the Building Permit Application (No. PRJ-1079210)." (*Id.* at 33).

## II.   LEGAL STANDARD

Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). "A party seeking a preliminary injunction must meet one of two variants of the same standard." *All. for the Wild Rockies v. Pena*, 865 F.3d 1211, 1217 (9th Cir. 2017). Under the *Winter* standard, a party is entitled to a preliminary injunction if it demonstrates (1) "that [it] is likely to succeed on the merits," (2) "that [it] is likely to suffer irreparable harm in the absence of preliminary relief," (3) "that the balance of equities tips in [its] favor," and (4) "that an injunction is in the public interest." *Winter*, 555 U.S. at 20. "A plaintiff must make a showing on *all four prongs* to obtain a preliminary injunction." *A Woman's Friend Pregnancy Res. Clinic v. Becerra*, 901 F.3d 1166, 1167 (9th Cir. 2018) (internal quotation marks, brackets, and citation omitted).

Under the Ninth Circuit's "'serious questions' test—a 'sliding scale' variant of the *Winter* test— . . . a party is entitled to a preliminary injunction if it demonstrates (1) 'serious questions going to the merits,' (2) 'a likelihood of irreparable injury,' (3) 'a balance of hardships that tips sharply towards the plaintiff,' and (4) 'the injunction is in the

public interest.'" *Flathead-Lolo-Bitterroot Citizen Task Force v. Montana*, 98 F.4th 1180, 1190 (9th Cir. 2024) (quoting *All. for the Wild Rockies*, 865 F.3d at 1217). "[I]f a plaintiff can only show that there are serious questions going to the merits—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the balance of hardships tips *sharply* in the plaintiff's favor, and the other two *Winter* factors are satisfied." *All. for the Wild Rockies*, 865 F.3d at 1217 (quoting *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013)) (emphasis in original).

A plaintiff need only demonstrate success as to at least one of their claims to receive preliminary injunctive relief. *See Ozkay v. Equity Wave Lending, Inc.*, 2020 WL 12764953, at *2 (N.D. Cal. Nov. 25, 2020). A district court may consider "the parties' pleadings, declarations, affidavits, and exhibits submitted in support of and in opposition to the [motion for preliminary injunction]." *Cal. Rifle & Pistol Ass'n, Inc. v. Los Angeles Cnty. Sheriff's Dep't*, 745 F. Supp. 3d 1037, 1048 (C.D. Cal. 2024); *see also Johnson v. Couturier*, 572 F.3d 1067, 1083 (9th Cir. 2009) (finding district court did not abuse its discretion in granting a preliminary injunction when it relied on hearsay evidence and "the many exhibits, affidavits, declarations and factual allegations which have been submitted . . . by all parties . . . throughout the course of this litigation"). Any evidentiary issues "properly go to weight rather than admissibility." *Am. Hotel & Lodging Ass'n v. City of Los Angeles*, 119 F. Supp. 3d 1177, 1185 (C.D. Cal. 2015).

### III.     DISCUSSION

#### A. Injunctive Relief Sought

The Court first considers whether Plaintiffs seek prohibitory or mandatory preliminary injunctive relief. "A prohibitory injunction prohibits a party from taking action and 'preserve[s] the status quo pending a determination of the action on the merits.'" *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 878 (9th Cir. 2009) (quoting *Chalk v. U.S. Dist. Ct.*, 840 F.2d 701, 704 (9th Cir. 1988)). "A mandatory injunction orders a responsible party to take action[,] . . . goes well beyond simply maintaining the status quo [p]endente lite[,] [and] is particularly disfavored." *Id.* at 879

(internal quotation marks and citations omitted). The "status quo" refers to the "last, uncontested status" between the parties before the controversy arose. *N.D. ex rel. Parents Acting as Guardians Ad Litem v. State of Haw. Dep't of Educ.*, 600 F.3d 1104, 1112 n.6 (9th Cir. 2010) (quoting *Marlyn Nutraceuticals, Inc.*, 571 F.3d at 879); *Arizona Dream Act Coalition v. Brewer*, 757 F.3d 1053, 1061 (9th Cir. 2014).

Prohibitory injunctions are evaluated under the traditional *Winter* test, whereas mandatory injunctions are subject to heightened scrutiny. *See Marlyn Nutraceuticals, Inc.*, 571 F.3d at 879. "In general, mandatory injunctions 'are not granted unless extreme or very serious damage will result and are not issued in doubtful cases or where the injury complained of is capable of compensation in damages.'" *Id.* (quoting *Clune v. Publishers' Ass'n of N.Y. City*, 214 F. Supp. 520, 531 (S.D.N.Y. 1963)).

Plaintiffs argue that they are "simply ask[ing] this Court to issue a prohibitory injunction to maintain the *status quo* as to the City's administrative 'processing' of the project permit applications, and to preclude expiration." (Mot. at 24–25). The City argues that Plaintiffs' requests are mandatory injunctions. (Opp'n at 17, 24–25). Each argument is addressed in turn.

First, ordering the City to stay the expiration of Plaintiffs' Building Permit Application would be a prohibitory injunction. The City argues it would have to "take some action to stop the already scheduled August 28, 2025 expiration of the building permit application," and therefore, be subject to a mandatory injunction. (Opp'n at 24). The Court disagrees. Such an injunction stops the City from enforcing the municipal code that establishes the permit application deadline (i.e., prevents the City from taking an action, rather than requiring an affirmative act). *See Kimsey v. City of Sammamish*, 574 F. Supp. 3d 911, 917–18 (W.D. Wash. 2021).

Next, Plaintiffs' request that the City be enjoined from demanding "additional engineering work and information," (Mot. at 33), is also prohibitory. Again, the City would

be ordered to stop making demands, rather than ordered to take action.[2]

Requiring the government to "unbundle" Plaintiffs' IAHR Waiver Application and other applications, however, is mandatory. The City consolidated two of Plaintiffs' applications, the Tentative Parcel Map Waiver and the IAHR Wavier Application, per SDMC § 112.0103(a). (Mot., Palmer Decl. ¶ 30, Ex. P ("PRJ-0687062 [Tentative Parcel Map Waiver] and PRJ-1124334 [IAHR Waiver Application] must be consolidated for City Council decision. . . . I will be your project manager for the consolidated discretionary action.")). To order the City to separate the already-consolidated applications is to require the City to take an action it would not otherwise do without the Court's order. *See Hernandez v. Sessions*, 872 F.3d 976, 998–99 (9th Cir. 2017).

### B. Likelihood of Success / Serious Questions

Plaintiffs carry the burden of showing a likelihood of success on the merits (or, alternatively, showing "serious questions going to the merits"). *See A Woman's Friend Pregnancy Res. Clinic*, 901 F.3d at 1167; *All. for the Wild Rockies*, 865 F.3d at 1135. Here, only Plaintiffs' first and second causes of action—the takings claims under federal and state law, respectively—are appropriate for injunctive relief. (SAC 38–50). Plaintiffs do not argue that the injunctive relief sought is supported by the third cause of action (alleged violation of the California Mitigation Fee Act). (*See generally* Mot.). Plaintiffs' fourth cause of action requests declaratory and injunction relief for "Wrongful and Arbitrary Imposition of Unjustified Demands for Extraneous Discretionary Approvals and Unjustified Threats to Expire Plaintiffs' Valid and Complete Permit Application"; however, Plaintiffs fail to state an underlying legal basis for such relief. (SAC 55–57).

---

[2] The City argues it is not demanding Plaintiffs to submit additional engineering plans, but rather notifying Plaintiffs that the outstanding submissions are needed prior to the Building Permit Application expiration deadline. (*See* Opp'n at 24). The City also expresses doubt that granting this request would provide any relief beyond an order stopping the expiration of Plaintiffs' Building Permit Application. (*Id.*). These considerations are inconsequential in determining the type of injunction sought.

"Declaratory and injunctive relief are not independent claims, rather they are forms of relief." *Lane v. Vitek Real Est. Indus. Grp.*, 713 F. Supp. 2d 1092, 1104 (E.D. Cal. 2010).

The Fifth Amendment's Takings Clause, applicable to the States through the Fourteenth Amendment's Due Process Clause, provides that "private property [shall not] be taken for public use, without just compensation." U.S. Const. amend. V; *Schneider v. California Dep't of Corr.*, 151 F.3d 1194, 1198 (9th Cir. 1998). Article I, § 19 of the California Constitution includes similar protections: "Private property may be taken or damaged for a public use . . . only when just compensation . . . has first been paid." Cal. Const. art. I, § 19. The Court will analyze these clauses together. *See Wiese v. Becerra*, 306 F. Supp. 3d 1190, 1198 (E.D. Cal. 2018) ("While the Takings Clause of the California Constitution does protect a somewhat broader range of property values than its federal counterpart, the two clauses have generally been interpreted the same by the California Supreme Court." (internal quotation marks and brackets omitted)).

The Court is unconvinced on the present record that Plaintiffs have met their burden on this first inquiry. Plaintiffs fail to raise serious questions going to the merits or likely success. (*See generally* Mot. at 16–20). The Court intends to address these claims in much more depth in the City's pending Motion to Dismiss, (ECF No. 52). Because Plaintiffs fail to meet this first prong, the Court must deny preliminary injunction relief. *A Woman's Friend Pregnancy Res. Clinic*, 901 F.3d at 1167 ("A plaintiff must make a showing on *all four prongs* to obtain a preliminary injunction.").

**C. Likelihood of Irreparable Harm**

If a movant fails to show "serious questions going to the merits," *All. for the Wild Rockies*, 632 F.3d at 1134–35, the court need not consider the other factors. *Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017). Nonetheless, the Court also addresses whether Plaintiffs are "likely to suffer irreparable harm in the absence of preliminary relief." *Winter*, 555 U.S. at 20.

Plaintiffs argue they face the "irreparable harm that is inherent in the loss of constitutional rights" and "possible loss [of] its Project." *hiQ Labs, Inc. v. LinkedIn Corp.*,

314 F.4th 1180, 1188 (9th Cir. 2022) ("[S]howing a threat of 'extinction' is enough irreparable harm[.]"). The City argues that Plaintiffs fail to explain "how the absence of all the injunctive relief sought impairs their ability to prosecute their constitutional claims." (Opp'n at 25). The Court agrees with the City. It is unclear how failure to prohibit the demanding of engineering work (if true), the "bundling" of the IAHR Waiver Application with other applications, or the expiration of the Building Permit Application would cause Plaintiffs to lose their constitutional rights. To the extent Plaintiffs argue that the loss is their ability to proceed with this litigation, the City concedes that "[P]laintiffs' constitutional takings claims in this case are unaffected by the permitting process." (*Id.*).

Plaintiffs have also failed to prove they will lose the Project if the Building Permit Application expires. (*See generally* Mot.). The City makes clear that Plaintiffs' "IAHR Waiver Application would continue to get processed even if the Building Permit Application was abandoned or expired. Plaintiffs could . . . let [the Building Permit Application] expire in August 2025, and then submit a new Building Permit Application . . . or chose not to submit one at all after City Council resolves the IAHR Waiver Application." (Opp'n at 25).

This means the only conceivable harm to be suffered by Plaintiffs is compensatory. It is well-established that "'monetary injury is not normally considered irreparable' in the context of a preliminary injunction," *Qualcomm Inc. v. Compal Elecs., Inc.*, 283 F. Supp. 3d 905, 914–15 (S.D. Cal. 2017) (quoting *L.A. Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1202 (9th Cir. 1980)), unless so significant that it presents "the threat of being driven out of business," *hiQ Labs, Inc.*, 31 F.4th at 1188. While Plaintiffs allege they may face more than $30 million to comply with the City's permitting process and regulations, (Mot. at 7), Plaintiffs fail to show that this amount would put them out of business. Plaintiffs therefore also fail to meet the second *Winter* factor.

## IV.  CONCLUSION AND ORDER

For the foregoing reasons, the Court **DENIES** Plaintiffs' Motion for Preliminary Injunction.

**IT IS SO ORDERED.**

Dated: August 25, 2025

_____
Hon. Dana M. Sabraw
United States District Judge